IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BATTISTE,   No. CIV S-09-1390-CMK-P

    Petitioner,

  vs.   ORDER

HEGEPATH,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has not, however, filed an application to proceed in forma pauperis, along with a "certification from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution" as required by Rule 3(a)(2) of the Federal Rules Governing Section 2254 Cases, or paid the required filing fee.  See 28 U.S.C. §§ 1914(a), 1915(a).

    This case was transferred in from the Northern District of California.  It appears that prior to this case being transferred, the Northern District informed Petitioner of the requirement that he either file an application to proceed in forma pauperis, or pay the filing fee, within 30 days.  It does not appear Petitioner has complied with that order.  However, as the case

was then transferred to this court, Petitioner will be provided another opportunity to submit either a completed application to proceed in forma pauperis, with the required certification, or pay the appropriate filing fee.  As to the certification requirement, while a copy of petitioner's prison trust account statement certified by prison officials is not required to satisfy the requirement, such a statement will suffice.  Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders.  See Local Rule 11-110.

In addition, Petitioner seeks the appointment of counsel (Doc. 2).  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis, with the certification required by Rule 3(a)(2), or pay the appropriate filing fee;

2. The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis By a Prisoner; and

3. Petitioner's motion for appointment of counsel (Doc. 2) is denied without prejudice to renewal, at the earliest, after an answer to the petitioner has been filed.

DATED: June 25, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE