IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BATTISTE,                               No. CIV S-09-1390-CMK-JAM P

    Petitioner,

  vs.                                                    ORDER

HEGEPATH,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is Respondent's motion to dismiss (Doc. 18) the petition as untimely.  Petitioner filed an opposition to the motion, Respondent filed a reply, and Petitioner filed an addendum to his opposition.  Petitioner opposes the motion, based in part on the basis that he should be entitled to equitable tolling.

    In order to prevail against the motion to dismiss, Petitioner's request for equitable tolling must be granted.  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioners seeking to file a federal petition for writ of habeas corpus are limited by a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  Petitioner was convicted in the Superior Court of Solano County of second degree robbery on June 24, 2004.  Petitioner appealed his

1

conviction to the California Court of Appeal, which was affirmed on January 20, 2006. Petitioner then filed a petitioned for review with the California Supreme Court, which was denied on April 12, 2006. Through retained counsel, Petitioner then filed a state habeas petition in the California Supreme Court on July 10, 2007. This petition was denied on February 13, 2008. Petitioner filed his federal petition in this court, proceeding pro se, on May 14, 2009.

There is no dispute that absent equitable tolling, Petitioner's federal petition would be considered untimely. Petitioner sought review by the California Supreme Court but did not file a petition for a writ of certiorari in the United States Supreme Court. Petitioner concedes his state habeas was filed just prior to the end of the limitations period, on July 10, 2007. The state court denied the petition on February 13, 2008. Petitioner did not file his federal habeas petition until May 14, 2009, well after the statute of limitations had run. Thus, without equitable tolling, Petitioner's federal habeas petition would be untimely.

To be entitled to equitable tolling, the habeas petitioner bears the burden to demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).

The Ninth Circuit has held "the threshold necessary to trigger equitable tolling under AEDPA is very high, least the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)).

The petitioner has the burden to show he is entitled to equitable tolling. See Espinoza-Matthews v. People, 432 F.3d 1021, 1026 (9th Cir. 2005). The egregious misconduct

of counsel may warrant equitable tolling.  See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003); see also Holland v. Florida, No. 09-5327,  – S. Ct. –, 2010 WL 2346549, *14 (June 14, 2010).  However, equitable tolling is not appropriate based on the ordinary negligence of counsel.  See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).  Even where the egregious misconduct of counsel is apparent, the petitioner is also still required to make a showing of due diligence.  See Spitsyn, 345 F.3d at 802.

Here, Petitioner claims he hired his attorney in 2004 "for state appellate proceedings, post-conviction state habeas corpus proceedings, and contemplated a post-conviction federal habeas corpus."  His attorney apparently filed his state court appeal without issue.  However, he delayed filing Petitioner's state habeas petition for unknown reasons.  The state habeas was not filed until two days before the statue of limitations ran.  At that point, with only two days left within the statute of limitations, filing a timely federal habeas became nearly impossible.

Petitioner claims he acted diligently in pursuit of his rights by corresponding with counsel between July 11, 2006, and July 10, 2007, (the time between the denial of his direct appeal and the filing of his state habeas) but only received a minimal amount of cooperation from counsel.  In support thereof, Petitioner argues he went so far as to file a motion in the California Supreme Court in June 2007 to determine what, if anything, had been filed on his behalf.  It was then he learned nothing had yet been filed in the state court.  His state petition was then filed shortly thereafter.

In addition, during the pendency of his state habeas, in December 2007, Petitioner alleges his family attempted to contact his attorney, again without success.  He also claims he attempted to call his attorney during that same time period, but his calls were not accepted.

Similarly, Petitioner claims between March 16, 2008, and May 14, 2009, (the time between the denial of his state court petition and the filing of his pro se federal petition) he corresponded with his attorney, but again only received a minimal amount of cooperation, which

led to his filing a pro se federal habeas petition. However, Petitioner does not support these conclusory allegations with any specific facts, such as how or when he "corresponded" with his attorney, prior to March 2009. In March 2009, Petitioner filed a state bar complaint against his attorney and his family sent a fax to the attorney. These limited acts occurred just prior to Petitioner's decision to file a pro se federal petition, and a year after he alleges the state court's decision denying his habeas petition was final.

In an apparent attempt to support his claim that he was diligent in pursuing his rights, Petitioner has provided a log of his outgoing correspondence. In reviewing the log, the court notes that all correspondence sent to his attorney occurred either during the pendency of his state habeas petition (between July 24, 2007, and December 10, 2007) or after he filed his pro se federal petition (between May 27, 2009, and December 23, 2009). There is no evidence before the court that Petitioner did anything to get his attorney to file his post-conviction petitions in a timely fashion. The relevant time period the court is looking at is between the denial of his direct appeal in April 2006 and the filing of his state court habeas petition in July 2007. During this relevant time Petitioner has not provided any specific supporting facts for his position. His unsupported conclusory allegations that he corresponded with counsel is insufficient to support his request for equitable tolling.

In addition, Petitioner has submitted several letters from his attorney. In these letters, written apparently in response to Petitioner's state bar complaint against him, counsel acknowledges Petitioner may have believed counsel was going to file a federal habeas petition, and that they had contemplated doing so. However, counsel also provided Petitioner an explanation as to why no federal habeas petition was filed, that it was his professional opinion that his better option was pursuing compassionate resentencing.

Given the above, the undersigned cannot find Petitioner has met his burden of showing diligence to support his claim of equitable tolling. However, if Petitioner can support his conclusory allegations that he tried unsuccessfully to have his attorney file his petitions in a

timely manner, he may be able to meet his burden.  Now that Petitioner has been informed as to what the court requires, he should be provided an opportunity to support his allegations.  As such, the court will allow Petitioner to file a supplemental brief in order to support his claim that he acted diligently during the relevant time periods.  The time periods the court is specifically interested in include the time between the denial of his direct appeal in April 2006 and the filing of his state habeas petition in July 2007, and the time between the denial of his state habeas petition in February 2008 and the filing of his pro se federal petition in May 2009.  It is possible that if petitioner attempted to have his attorney act during those time periods he may be entitled to equitable tolling.  The court is specifically interested in factual support of Petitioner's claims, not legal arguments.

         Accordingly, IT IS HEREBY ORDERED that:

    1.    Petitioner may, within 30 days of the date of this order, submit an additional brief in support of his position for equitable tolling supporting his diligence during the relevant time periods outline above; and

    2.    Respondent may file a responsive brief within 14 days thereafter.

DATED: July 1, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE