IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BATTISTE,                               No. CIV S-09-1390-CMK-JAM P

       Petitioner,

  vs.                                                     FINDINGS AND RECOMMENDATIONS

HEGEPATH,

       Respondent.

                                /

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is Respondent's motion to dismiss (Doc. 18).  Petitioner filed an opposition to the motion, (Doc. 21), Respondent filed a reply (Doc. 22), and Petitioner filed an addendum to his opposition (Doc. 24).  Petitioner opposes the motion, in part on a claim of equitable tolling.  Pursuant to the court's order, Petitioner filed a supplemental brief addressing his equitable tolling claim (Doc. 29).  Respondent did not avail himself of the opportunity to file a response thereto.

       Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing

1

1  Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in
2  lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being
3  in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th
4  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state
5  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural
6  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.
7  1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss
8  after the court orders a response, and the Court should use Rule 4 standards to review the motion.
9  See Hillery, 533 F. Supp. at 1194 & n.12. The petitioner bears the burden of showing that he has
10 exhausted state remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).
11         Respondent brings this motion to dismiss Petitioner's federal habeas corpus
12 petition as filed beyond the one-year statute of limitations, pursuant 28 U.S.C. § 2244(d).
13         Federal habeas corpus petitions must be filed within one year from the later of: (1)
14 the date the state court judgment became final; (2) the date on which an impediment to filing
15 created by state action is removed; (3) the date on which a constitutional right is newly-
16 recognized and made retroactive on collateral review; or (4) the date on which the factual
17 predicate of the claim could have been discovered through the exercise of due diligence. See 28
18 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court
19 judgment becomes final by the conclusion of direct review or expiration of the time to seek direct
20 review. See 28 U.S.C. § 2244(d)(1).
21         Where a petition for review by the California Supreme Court is filed and no
22 petition for certiorari is filed in the United States Supreme Court, the one-year limitations period
23 begins running the day after expiration of the 90-day time within which to seek review by the
24 United States Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).
25 Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year
26 limitations period begins to run the day after certiorari is denied or the Court issued a merits

decision. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

       The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

1         There is no tolling for the interval of time between post-conviction applications
2 where the petitioner is not moving to the next higher appellate level of review. See Nino, 183
3 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no
4 tolling for the period between different sets of post-conviction applications. See Biggs v.
5 Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct
6 review and the filing of a state post-conviction application does not toll the limitations period.
7 See Nino, 1983 F.3d at 1006-07.

8         As the undersigned set forth in the prior order, Petitioner was convicted in the
9 Superior Court of Solano County of second degree robbery on June 24, 2004. Petitioner
10 appealed his conviction to the California Court of Appeal, which was affirmed on January 20,
11 2006. Petitioner then filed a petitioned for review with the California Supreme Court, which
12 was denied on April 12, 2006. Petitioner did not file a petition for a writ of certiorari in the
13 United State Supreme Court. Therefore, the statute of limitations began on July 11, 2006.
14 Through retained counsel, Petitioner filed a state habeas petition in the California Supreme Court
15 on July 10, 2007. This petition was denied on February 13, 2008. Petitioner filed his federal
16 petition in this court, proceeding pro se, on May 14, 2009.

17         There is no dispute that absent equitable tolling, Petitioner's federal petition
18 would be considered untimely. Petitioner sought review by the California Supreme Court but did
19 not file a petition for a writ of certiorari in the United States Supreme Court. Petitioner concedes
20 his state habeas was filed on July 10, 2007, just prior to the end of the limitations period. The
21 state court denied the petition on February 13, 2008. Petitioner did not file his federal habeas
22 petition until May 14, 2009, well after the statute of limitations had run. Thus, without equitable
23 tolling, Petitioner's federal habeas petition would be untimely.

24         The undersigned previously found Petitioner's claim for equitable tolling was
25 insufficiently supported. Petitioner was therefore provided an opportunity to file an additional
26 brief addressing the deficiencies identified. In the July 2, 2010, order for additional briefing, the

undersigned set forth the following:

> To be entitled to equitable tolling, the habeas petitioner bears the burden to demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).
> The Ninth Circuit has held "the threshold necessary to trigger equitable tolling under AEDPA is very high, least the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). "To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)).
> The petitioner has the burden to show he is entitled to equitable tolling. See Espinoza-Matthews v. People, 432 F.3d 1021, 1026 (9th Cir. 2005). The egregious misconduct of counsel may warrant equitable tolling. See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003); see also Holland v. Florida, 130 S. Ct. 2549, 2564 (2010). However, equitable tolling is not appropriate based on the ordinary negligence of counsel. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001). Even where the egregious misconduct of counsel is apparent, the petitioner is also still required to make a showing of due diligence. See Spitsyn, 345 F.3d at 802.
> Here, Petitioner claims he hired his attorney in 2004 "for state appellate proceedings, post-conviction state habeas corpus proceedings, and contemplated a post-conviction federal habeas corpus." His attorney apparently filed his state court appeal without issue. However, he delayed filing Petitioner's state habeas petition for unknown reasons. The state habeas was not filed until two days before the statue of limitations ran. At that point, with only two days left within the statute of limitations, filing a timely federal habeas became nearly impossible.
> Petitioner claims he acted diligently in pursuit of his rights by corresponding with counsel between July 11, 2006, and July 10, 2007, (the time between the denial of his direct appeal and the filing of his state habeas) but only received a minimal amount of cooperation from counsel. In support thereof, Petitioner argues he went so far as to file a motion in the California Supreme Court in June 2007 to determine what, if anything, had been filed on his behalf. It was then he learned nothing had yet been filed in the state court. His state petition was then filed shortly thereafter.
> In addition, during the pendency of his state habeas, in December 2007, Petitioner alleges his family attempted to contact his attorney, again without success. He also claims he attempted to

call his attorney during that same time period, but his calls were not accepted.

Similarly, Petitioner claims between March 16, 2008, and May 14, 2009, (the time between the denial of his state court petition and the filing of his pro se federal petition) he corresponded with his attorney, but again only received a minimal amount of cooperation, which led to his filing a pro se federal habeas petition. However, Petitioner does not support these conclusory allegations with any specific facts, such as how or when he "corresponded" with his attorney, prior to March 2009. In March 2009, Petitioner filed a state bar complaint against his attorney and his family sent a fax to the attorney. These limited acts occurred just prior to Petitioner's decision to file a pro se federal petition, and a year after he alleges the state court's decision denying his habeas petition was final.

In an apparent attempt to support his claim that he was diligent in pursuing his rights, Petitioner has provided a log of his outgoing correspondence. In reviewing the log, the court notes that all correspondence sent to his attorney occurred either during the pendency of his state habeas petition (between July 24, 2007, and December 10, 2007) or after he filed his pro se federal petition (between May 27, 2009, and December 23, 2009). There is no evidence before the court that Petitioner did anything to get his attorney to file his post-conviction petitions in a timely fashion. The relevant time period the court is looking at is between the denial of his direct appeal in April 2006 and the filing of his state court habeas petition in July 2007. During this relevant time Petitioner has not provided any specific supporting facts for his position. His unsupported conclusory allegations that he corresponded with counsel is insufficient to support his request for equitable tolling.

In addition, Petitioner has submitted several letters from his attorney. In these letters, written apparently in response to Petitioner's state bar complaint against him, counsel acknowledges Petitioner may have believed counsel was going to file a federal habeas petition, and that they had contemplated doing so. However, counsel also provided Petitioner an explanation as to why no federal habeas petition was filed, that it was his professional opinion that his better option was pursuing compassionate resentencing.

Given the above, the undersigned cannot find Petitioner has met his burden of showing diligence to support his claim of equitable tolling. However, if Petitioner can support his conclusory allegations that he tried unsuccessfully to have his attorney file his petitions in a timely manner, he may be able to meet his burden. Now that Petitioner has been informed as to what the court requires, he should be provided an opportunity to support his allegations. As such, the court will allow Petitioner to file a supplemental brief in order to support his claim that he acted diligently during the relevant time periods. The time periods the court is specifically interested in include the time between the

>denial of his direct appeal in April 2006 and the filing of his state habeas petition in July 2007, and the time between the denial of his state habeas petition in February 2008 and the filing of his pro se federal petition in May 2009. It is possible that if petitioner attempted to have his attorney act during those time periods he may be entitled to equitable tolling. The court is specifically interested in factual support of Petitioner's claims, not legal arguments.

(Doc. 26 at 2-5).

Petitioner responded to the court's order, but failed to offer any new arguments to support his claim for equitable tolling. Instead, he relied on the same facts as set forth in his original oppositions, including his claim that he attempted to communicate with counsel several times. However, the court specifically requested information from Petitioner regarding his attempts at communication with counsel during the periods of time no petition was pending in the courts. The specific time frame identified was between April 2006 and July 2007, and then again between February 2008 and May 2009. Petitioner does not offer any additional information for these time frames. Instead, he reiterates that he made several attempts to contact counsel and provides the court another copy of his inmate mail logs, both outgoing and incoming. As set forth above, these logs identify several outgoing letters to counsel from July 24, 2007 through December 10, 2007, and incoming letters from counsel on December 7, 2007 then again in May and June 2009. However, none of this evidence supports his claim that he was diligent in his attempts to have his attorney file either his state habeas in a timely fashion, or to file a federal petitioner following denial of the state petition.

Petitioner does provide the court one additional piece of evidence, however. He provides another letter from his retained counsel, dated December 22, 2009. In this letter, attorney Bergerson again acknowledged that Petitioner may have had a reasonable impression that he had agreed to file a federal habeas petition, and that Petitioner may have held that belief through May 2009. He also opined that Petitioner's claim for equitable tolling has possible merit. However, he also states that it was his belief that there was no agreement made for counsel to file a federal habeas petition on Petitioner's behalf, but rather that he had been hired to

1  simply do what was necessary in his case including a motion for a new trial.  He further stated
2  that as Petitioner's case unfolded, he decided it was not in Petitioner's best interest to file a
3  federal habeas petition but rather to explore alternative remedies such as a medical release
4  application.  Counsel also clarified that no new agreement had been signed following the denial
5  of Petitioner's state habeas petition.[1]

6          The undersigned does not find the letter from attorney Bergerson supportive of
7  Petitioner's position.  While it may show a lack of effective communication between attorney
8  and client, it does not show any egregious misconduct on the attorney's part.  The attorney
9  clearly stated it was not his understanding that Petitioner expected him to be filing a federal
10 habeas petition.  In addition, while it is clear that Petitioner filed a complaint with the state bar
11 regarding counsel's conduct and lack of communication, there has been no showing that counsel
12 was disciplined for his conduct or that he violated any ethical cannons.

13         The undersigned finds that Petitioner has not met his heavy burden of showing
14 due diligence and extraordinary circumstances.  Specifically, the undersigned does not find the
15 actions of counsel to be egregious in that he exercised professional judgment in determining not
16 to file a federal habeas petition.  While apparently lacking in effective communication skills, the
17 undersigned finds no misconduct in making such determination.  In addition, Petitioner has not
18 shown that he acted diligently in his attempts at having counsel file his state or federal habeas
19 petition in a timely fashion.  While he certainly had periods of communication with counsel, he
20 has provided no evidence that such communication occurred during the relevant time periods in
21 which to assure counsel was protecting his rights to file the habeas petitions.  Rather, most
22 communication between Petitioner and counsel occurred during the pendency of the petitions.  In
23 addition, Petitioner has not provided the court with copies of any such communication to support
24 any claim that he attempted to clarify with counsel that he was in fact retained to file a federal

---

[1] Counsel does acknowledge that the above information is only his memory of the events as the original fee agreement was previously lost.

habeas petition and that he should be taking care to provide sufficient time for such filing. Therefore, Petitioner should not be entitled to equitable tolling and his petition should be considered untimely.

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss (Doc. 18) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2010

　　　　　　　　　　　　　　　　　　　　　
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE